**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-10296 |
| Plaintiff - Appellee, | D.C. No. 4:12-cr-00914-RCC |
| v. | |
| KEITH DESHAWN ANDERSON, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Raner C. Collins, Chief Judge, Presiding

Submitted February 24, 2016[**]

Before:    LEAVY, FERNANDEZ, and RAWLINSON, Circuit Judges.

Keith Deshawn Anderson appeals from the district court's judgment and

challenges his jury-trial conviction for transportation of a minor with intent to

engage in criminal sexual activity, in violation of 18 U.S.C. § 2423(a).  We have

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291, and we affirm but remand with instructions to correct the judgment.

Anderson contends that the district court erred by failing to require the government to prove that Anderson knew the victim in this case was under the age of 18. Reviewing de novo, *see United States v. Havelock*, 664 F.3d 1284, 1289 (9th Cir. 2012) (en banc), we find no error. A conviction under 18 U.S.C. § 2423(a) does not require proof that the defendant knew the victim was a minor. *See United States v. Taylor*, 239 F.3d 994, 996 (9th Cir. 2001). Contrary to Anderson's contention, it makes no difference whether the specified unlawful activity is prostitution or, as in this case, "any sexual activity for which any person can be charged with a criminal offense." *See* 18 U.S.C. § 2423(a); *Taylor*, 239 F.3d at 997 ("If someone knowingly transports a person for the purposes of prostitution *or another sex offense*, the transporter assumes the risk that the victim is a minor, regardless of what the victim says or how the victim appears.") (emphasis added).

We remand to the district court to correct the judgment to reflect that Anderson was convicted of violating 18 U.S.C. § 2423(a).

**AFFIRMED; REMANDED to correct the judgment.**

14-10296